[Civ. No. 23152. Third Dist. Dec. 18, 1984.]

ROBERT J. CONNOLLY, as Special Administrator, etc., et al., Plaintiffs and Appellants, v.
LESTER E. McDERMOTT et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

*See footnote 1, *post*.

**COUNSEL**

Mark V. Connolly for Plaintiffs and Appellants.

Barker, Clark, Loeffler, Waggoner & Newman and Russell A. Newman for Defendants and Respondents.

**OPINION**

**SIMS, J.**—Since the latter part of the 19th century plaintiffs' family has raised cattle and sheep on a large parcel of rural property.[1] Plaintiffs' prop-

---

[1]Pursuant to rule 976.1 of the California Rules of Court, all portions of this opinion shall be published except parts II and III of the Discussion.

erty is physically separated into two parts by defendants' property. Defendants' family has owned their property since 1914 and has used it for vacation and recreational purposes, i.e., "to get away from it all."

A narrow, rugged mountain road connects the two parts of plaintiffs' property and runs within 10 feet of one of defendants' cabins in the center of their property where they have their camp. Historically, plaintiffs, on foot and horseback, have driven 100-150 head of cattle over the road approximately 40 times a year. Plaintiffs have vehicular access to both of their parcels by using another road that does not traverse defendants' property.

Plaintiffs sued to establish a prescriptive easement over the road. The trial court granted plaintiffs judgment establishing a prescriptive easement in the form of "a right-of-way for access for livestock herding operations, including access by men and horses for livestock herding operations . . . ." The judgment further provides, "The easement herein includes incidental rights of maintenance, repair, and replacement necessary to allow the easement's continued use by men and horses and cattle." The trial court found insufficient evidence to support plaintiffs' claim that they openly used the road for motor vehicle travel during the prescriptive period. Plaintiffs' principal contention is the trial court erred in refusing to grant them an easement for motor vehicle use. We reject that contention and affirm.

## DISCUSSION

### I

■ We briefly review the elements of a prescriptive easement before addressing plaintiffs' contentions. Such elements are "(a) open and notorious use; (b) continuous and uninterrupted use; (c) hostile to the true owner; (d) under claim of right; and (e) for the statutory period of five years. (Civ. Code, § 1007; Code Civ. Proc., § 321)." (*Twin Peaks Land Co.* v. *Briggs* (1982) 130 Cal.App.3d 587, 593 [181 Cal.Rptr. 25]; and see *Warsaw* v. *Chicago Metallic Ceilings, Inc.* (1984) 35 Cal.3d 564, 570 [199 Cal.Rptr. 773, 676 P.2d 584].)

■ Additionally, "The burden of proof is on the party asserting prescriptive rights. [Citations.] It is for the trier of fact to determine whether the elements of a claimed prescriptive easement have been established [Citations] and all conflicts in the evidence must be resolved on appeal in favor of the party who prevailed at trial. [Citations.]" (*Lynch* v. *Glass* (1975) 44 Cal.App.3d 943, 950 [119 Cal.Rptr. 139].)

■ Plaintiffs contend the trial court erred in restricting the scope of the easement to "livestock herding operations" by "men and horses"; they seek

an easement permitting the use of motor vehicles. The apposite rule is codified in Civil Code section 806: "The extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired." ▮ It is settled law that "The scope of a prescriptive easement is determined by the use through which it is acquired. A person using the land of another for the prescriptive period may acquire the right to continue such use, but does not acquire the right to make other uses of it. [Citations.]"[2] (*Hannah* v. *Pogue* (1944) 23 Cal.2d 849, 854 [147 P.2d 572].)

▮ Contending the trial court erred in failing to find that motor vehicle travel across the easement was one of the uses established during the prescriptive period, plaintiffs point to evidence adduced at trial showing they regularly drove motorcycles over the easement.

▮ However, an essential element necessary to the establishment of a prescriptive easement is visible, open and notorious use sufficient to impart actual or constructive notice of the use to the owner of the servient tenement. (*Berry* v. *Sbragia* (1978) 76 Cal.App.3d 876, 880 [143 Cal.Rptr. 318].) By definition such open use may not be clandestine. (*Costello* v. *Sharp* (1924) 65 Cal.App.152, 157 [223 P.567].) ▮ The court found that "there is circumstantial evidence that the plaintiffs avoided discovery of their vehicular use of the defendants' property by the defendants, their guests, and invitees." The court found further that defendants observed virtually no use of the easement by vehicles other than motorcycles (unless by permission) and saw motorcycles on their property on only two occasions. In view of the court's factual findings indicating a clandestine use of motor vehicles, the court did not err in failing to find a prescriptive easement consisting of a right-of-way for motor vehicles.

Plaintiffs also argue that *Pipkin* v. *Der Torosian* (1973) 35 Cal.App.3d 722 [111 Cal.Rptr. 46] entitles them to an easement permitting motor vehicle use. The plaintiffs in *Pipkin* brought an action to establish a prescriptive easement consisting of a right-of-way across an adjoining landowner's property to service, among other things, residential dwellings. (P. 725.) Evidence adduced at trial showed plaintiffs or their predecessors had used the easement for the movement of bailers, cultivators, tractors, automobiles and other farm equipment used for agricultural purposes only for the requisite period of time. (P. 724.) The trial court found " '. . . as an easement

---

[2]We are not here concerned with whether a new or different use exceeds the scope of an established easement (see Rest., Property, § 478, p. 2994) or whether the scope of an easement may be expanded because of evolution of the dominant tenement. (See *id.*, at § 479, p. 3002.)

[a] right-of-way of ingress and egress to [plaintiffs'] property for agricultural and cultivation purposes[.]' " (*Id.*, at p. 725.)

The court of appeal found the trial court's judgment unduly restrictive, holding it improper to define the scope of a prescriptive easement exclusively in terms of the use to which the dominant tenement was put during the prescriptive period, i.e., agricultural uses. (*Pipkin* v. *Torosian, supra,* 35 Cal.App.3d at p. 729.) The appellate court directed the trial court to enter judgment granting an easement "for the purpose of passing and repassing over the [easement] . . . by foot, by automobile, by truck, by tractor and by all types of agricultural equipment, provided that the nature, scope and extent of the use does not substantially increase the burden placed upon the servient tenement as it existed during the period that the prescriptive easement was acquired." (*Id.*, at p. 730.)

It is evident *Pipkin* does not aid plaintiffs. The trial court in *Pipkin* did not define the easement in terms of *its* use or the objects actually passing over it; rather the easement was defined exclusively with reference to *the use being made of the dominant tenement* for agriculture. Here, by way of contrast, the trial court properly defined the easement in terms of *its* actual use for cattle herding operations by men and horses. Accordingly, the instant easement has not been defined exclusively by the use of the dominant tenement.

■ Moreover, "The ultimate criterion in determining the scope of a prescriptive easement is that of avoiding increased burdens upon the servient tenement . . . ." (*Pipkin* v. *Der Torosian, supra,* 35 Cal.App.3d at p. 729.) In allowing the prescriptive easement at issue in *Pipkin,* the court faced no prospect of an increased burden on the servient tenement. There, vehicles regularly traversed the easement; it would be immaterial to those occupying the servient tenement whether the vehicles were going to a farm or a residence.

■ However, a change in the physical objects passing over a road may constitute a substantial new burden not allowed within a prescriptive easement. (*Gaither* v. *Gaither* (1958) 165 Cal.App.2d 782, 785-786 [332 P.2d 436] [no right to move house trailers over prescriptive driveway easement established for ordinary vehicles].) ■ Here, the intrusion of motor vehicles would place increased burdens on defendants' vacation property. The increased noise of motor vehicles—and particularly of motorcycles—would itself constitute a substantial new burden on the servient tenement. Anyone who does not think there is a significant difference between horses and motorcycles may wish to ponder why it is that carriages in Central Park are pulled by horses, not Hondas.

■ Plaintiffs also contend in this court that they should be able to use the easement for recreational horseback riding. Plaintiffs never tendered this issue to the trial court. Indeed, plaintiffs' posttrial brief asserted that the "only issue" raised by the evidence covering the scope of the prescriptive easement claims was "motor vehicle traffic." ■ Ordinarily, issues not raised in the trial court will not be considered for the first time on appeal. (*Estate of Westerman* (1968) 68 Cal.2d 267, 279 [66 Cal.Rptr. 29, 437 P.2d 517]; *Guelfi* v. *Marin County Employees' Retirement Assn.* (1983) 145 Cal.App.3d 297, 302, fn. 5 [193 Cal.Rptr. 343].) ■ We believe the rule is properly applied here. Neither defendants nor the trial court was apprised of plaintiffs' theory of recreational use; evidence of possible burdens on the servient tenement was not presented. The issue is not properly before us.

II*

. . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Regan, Acting P. J., and Blease, J., concurred.

---

*See footnote 1, *ante.*