Filed 7/22/25

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOGAL et al., | D084158 |
| Plaintiffs, Cross-defendants and Respondents, | |
| v. | (Super. Ct. No. 37-2022-00017670-CU-NP-NC) |
| XINHUI DENG et al., | |
| Defendants, Cross-complainants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Reversed.

Xinhui Deng, in pro. per. and Jianhua Wu, in pro. per., for Defendants, Cross-complainants and Appellants.

Gogal Law Office and Michael Gogal, for Plaintiffs, Cross-defendants and Respondent.

Code of Civil Procedure section 1032, subdivision (b) gives prevailing parties in lawsuits the right to recover from opposing parties certain litigation-related costs.[1]  In this residential landlord-tenant dispute, plaintiffs Michael Gogal and Hildy Baumgartner-Gogal (tenants) entered into a lease with defendants Xinhui Deng and Jianhua Wu (landlords).  The lease provided that a prevailing party in litigation arising out of the lease would be entitled to recover costs and attorney's fees from the losing party, but also specified that the total amount of recoverable costs and fees would not exceed $1,000 ($1,000 cap).  After successfully prosecuting a lawsuit alleging retaliatory eviction, receiving a money judgment, and obtaining an award of attorney's fees in excess of the $1,000 cap, tenants also sought to recover their litigation costs under section 1032(b).  Rejecting landlords' argument that the lease cap barred any further award, the trial court allowed tenants to recover roughly $14,000 in costs.

The apparently novel question presented by this appeal is whether parties to a contract may, by agreement entered into before a contract dispute arises, waive in whole or in part their statutory right to recover litigation costs under section 1032(b).  In part by analyzing the interplay between section 1032 and Civil Code section 3513, we conclude the answer is yes.  Section 1032 merely creates a default rule and contemplates that parties may agree to deal with litigation costs in alternative ways that best suit their individual interests.  Their voluntary decision to waive or otherwise limit the recovery of costs is in no way inconsistent with Civil Code section 3513 because the primary purpose of awarding costs under section 1032 is to

---

[1]     Subsequent undesignated statutory references are to the Code of Civil Procedure.  Additionally, for brevity, we will refer to subdivisions (a), (b) and (c) of section 1032 as sections 1032(a) through 1032(c), respectively.

further private rather than public interests.  Given that tenants do not claim there is any independent basis to refuse enforcement of the $1,000 cap, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In May 2017, tenants signed a written lease to rent landlords' house beginning in July 2017.  With extensions, the lease was to run through June 2022.  In May 2022, tenants sued landlords for retaliatory eviction.  Following a bench trial, the court entered a monetary judgment in tenants' favor.  By postjudgment motion, the court also awarded tenants attorney's fees.

Tenants subsequently sought more than $15,000 in prejudgment litigation costs under section 1032(b).[3]  Landlords moved to strike costs, arguing that many were either unallowable or exceeded amounts reasonably necessary to conduct the litigation.  Landlords also referred the court to the $1,000 cap in the lease that read:  "In any action or proceeding arising out of this agreement, the prevailing party between landlord and tenant shall be entitled to reasonable attorney fees and costs, collectively not to exceed

---

[2]    Additional background facts are stated in a related appeal from a different postjudgment order, *Gogal et. al. v. Deng et. al.* (July 17, 2025, D084405) __ Cal.App.5th __ (*Gogal*)).

[3]    The process for awarding costs under section 1032 ordinarily involves three steps.  First, the prevailing party must file a memorandum of costs.  (Cal. Rules of Court, rule 3.1700(a).)  Second, the other party may oppose the request by moving to strike or tax costs.  (*Id.,* rule 3.1700(b).)  Third, "[a]fter the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment." (*Id.*, rule 3.1700(c).)  The prejudgment costs allowable in a case, like this one, in which no offer to compromise under section 998 was made are identified in section 1333.5.

$1,000 . . . ." This $1,000 cap, landlords contended, barred any award of costs because tenants had already been awarded more than $1,000 in statutory attorney's fees.[4]

The court issued a tentative ruling granting landlords' motion to strike, initially concluding that the $1,000 cap was enforceable. But after considering additional arguments from tenants at the hearing, the court granted landlords' motion only in part. It was denied insofar as it attempted to enforce the $1,000 cap. The court reasoned that "[g]iven California Civil Code § 1942.5's expansive remedial intent to protect tenants from abusive conduct by their landlords, the court must conclude that to cap [tenants'] attorney's fees and costs in this matter at $1,000.00 would run afoul of that important public policy." The court granted the motion in part by awarding tenants less than they requested—just under $14,000 in costs. Landlords timely appealed. (Civ. Code § 904.1, subd. (a)(2).)

## DISCUSSION

Section 1032(b) indicates that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Here, there is no dispute that tenants were the prevailing parties in the underlying litigation. (*Id.*, subd. (a)(4).) Indeed, landlords do not argue that tenants had no right to recover costs. Rather, they contend tenants partially *waived* that statutory right when they agreed to include the $1,000 cap in their lease. In landlords' view, the cap should be enforced as if it were any other garden-variety contract provision. For their

---

[4]    Landlords did not challenge the trial court's award of $1,780 in attorney's fees to tenants. At issue in tenants' related appeal (*Gogal, supra,* [2025 Cal.App. Lexis at p. __]) is whether the trial court properly denied their request for additional attorney's fees. Thus, the outcome of that appeal is irrelevant here.

part, tenants maintain that section 1032(b) creates a right that cannot be waived. And even if section 1032(b) does not prohibit cost waivers, tenants rely on the general principles of Civil Code section 3513 to argue that the right to recover costs cannot be waived because section 1032(b) primarily serves public interests which "cannot be contravened by a private agreement."[5]

"The right to recover any of the costs of a civil action 'is determined entirely by statute.' " (*Anthony v. City of Los Angeles* (2008) 166 Cal.App.4th 1011, 1014.) "Generally, the standard of review of an award of costs is whether the trial court abused its discretion in making the award. [Citation.] However, when the issue to be determined is whether the criteria for an award of costs have been satisfied, and that issue requires statutory construction, it presents a question of law requiring de novo review." (*Berkeley Cement, Inc. v. Regents of University of California* (2019) 30 Cal.App.5th 1133, 1139.) Here, the question of whether parties may agree to waive their statutory right to recover costs presents a question of law that turns on the proper interpretation of section 1032 and Civil Code section 3513.

---

[5] Civil Code section 3513 states the general principle that "[a]ny one may waive the advantage of a law intended solely for their benefit. But a law established for a public reason cannot be contravened by a private agreement." The parties' initial briefs did not adequately discuss waiver under Civil Code section 3513. Accordingly, we requested supplemental briefing on waiver with a focus on the nature of the purposes that section 1032(b) serves.

**A.** *Section 1032(b) does not prohibit parties to a contract from waiving their right to recover costs.*

Section 1032(b) states that "[e]xcept as expressly provided by law," a party prevailing in a lawsuit is "entitled as a matter of right" to recover its costs. Focusing on the preliminary "except as" language, tenants read section 1032(b) as preventing *any* restrictions on a prevailing party's right to recover costs unless the restriction is specifically authorized by another statute. In other words, tenants maintain that section 1032(b) creates an unwaivable right to recover costs for prevailing parties. To the extent landlords rely on Civil Code section 3513, tenants argue that it does not authorize a waiver of the right to obtain costs because it contains no express reference to section 1032(b).

We start with the language of section 1032(b), a plain reading of which demonstrates the fallacy in tenants' argument. The statute creates a general "default rule" that prevailing parties in civil actions have a right to recover costs. (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1147 (*DeSaulles*) ["section 1032 establishes only a default rule"].) Obviously, a right cannot be waived that does not exist. The sole purpose of section 1032(b) is to create a right, subject to certain exceptions. It says nothing about whether that same right can be waived.

Tenants' reliance on the preliminary "except as" language of the statute is misplaced. That clause merely permits the Legislature to identify circumstances in which the "default rule" should not apply, i.e., where there is no automatic right to recover costs for a prevailing party. And the Legislature has created exceptions in a variety of circumstances. (See, e.g., *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 115 (*Williams*) [Government Code section 12965, subdivision (b) makes cost awards discretionary in FEHA cases and creates a higher threshold for

6

prevailing defendants to recover their costs]; *Hinrichs v. Melton* (2017) 11 Cal.App.5th 516, 528 [section 1032(a)(4) makes a cost award discretionary rather than mandatory where the prevailing party achieves only nonmonetary relief].)

This common-sense interpretation of section 1032(b) is supported and confirmed by subdivision (c) of the statute, which clarifies that "[n]othing in this section shall prohibit parties from stipulating to alternative procedures for awarding costs in the litigation . . . ." As we have already observed, in *DeSaulles* the Supreme Court interpreted this language to mean that section 1032(b) "establishes only a default rule" and that the parties "are free to allocate costs in any manner they see fit" when they settle a case. (*DeSaulles*, *supra*, 62 Cal.4th at p. 1147.) This broad freedom to allocate costs is entirely inconsistent with tenants' assertion that section 1032(b) creates a right to recover costs that cannot be waived.

In summary, we agree with landlords that nothing in section 1032(b) prevents a party from contractually agreeing to waive all or a portion of their costs.

**B.** ***Taken together, section 1032(b) and Civil Code section 3513 permit a contractual waiver of the right to recover costs.***

Having determined that cost waivers are not prohibited by section 1032(b), we must address tenants' alternative argument that such waivers are nonetheless unenforceable under Civil Code section 3513. In undertaking this endeavor, we write on a relatively clean slate, as it does not appear any court has been asked to consider whether section 1032(b) costs are waivable under Civil Code section 3513. And although *DeSaulles* recognizes that section 1032(c) authorizes cost waivers, the Supreme Court did not discuss Civil Code section 3513 when it reached this conclusion.

7

"Some public benefit is . . . inherent in most legislation." (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1049.) Consequently, a waiver of a statutory right is enforceable so long as the right's " ' "public benefit . . . is merely incidental to [its] primary purpose." ' " (*Azteca Construction Inc. v. ADR Consulting, Inc.* (2004) 121 Cal.App.4th 1156, 1166 (*Azteca*).) "[B]ut a waiver is unenforceable where it would ' "seriously compromise any public purpose that [the statute was] intended to serve." ' " (*Ibid.*; cf. *McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945, 961 [the right to public injunctive relief under certain consumer protection statutes is not waivable because it "is primarily 'for the benefit of the general public' "].)

" 'Costs are allowances which are authorized to reimburse the successful party to an action or proceeding and are in the nature of incidental damages to indemnify a party against the expense of successfully asserting his rights.' " (*DeSaulles*, *supra*, 62 Cal.4th at p. 1147.) " ' "The theory upon which [costs] are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to a defendant, that the plaintiff sued him without cause. Thus the party to blame pays costs to the party without fault." ' " (*Ibid.*) Consistent with "section 1032's basic purpose of imposing costs on the losing party" (*DeSaulles*, at p. 1152), the statutory language of section 1032(b) does not hint at a legislative intent other than to serve the private financial interests of prevailing parties.

Here again, section 1032(c) supports our interpretation of section 1032(b). As previously discussed, the former permits parties to agree to deviate from section 1032's "default rule" for awarding costs. (*DeSaulles*, *supra*, 62 Cal.4th at pp. 1157–1158.) Permitting parties to have this flexibility confirms that section 1032(b) primarily serves private interests.

Tenants point to *Williams* as identifying an overriding public benefit of section 1032(b). They read it as recognizing that section 1032(b) "serves an important public policy, relieving a party whose position was vindicated in court of the basic costs of litigation." (*Williams*, *supra*, 61 Cal.4th at p. 114.) That statement in the opinion is of little help to tenants, however, because it is not a part of the court's rationale in recognizing that Government Code section 12965, subdivision (b) creates an exception to the general "default" rule of section 1032(b) in FEHA cases. Rather, the quoted portion of the opinion was describing and rejecting an argument being made by the *defendant* in the case. (*Ibid.*; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 ["An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually decided' "].) Moreover, even to the extent *Williams* can be read to assume that section 1032(b) might provide *some* public benefit, that would not preclude enforcement of a party's waiver of costs. (*Azteca*, *supra*, 121 Cal.App.4th at p. 1166.)

To this same end, tenants also invoke the trial court's rationale for declining to enforce the $1,000 cap, namely the policies underlying the tenant protection statutes. In tenants' view, enforcing the $1,000 cap would make the "tenant statutes that landlords violated less meaningful and chill enforcement of statutory tenant rights." But section 1032 is a statute of general application to all civil cases; it is not a tenant protection statute. The question before us is whether the general right created by section 1032(b) can be waived. Absent express language in a different statute that overrides the general application of section 1032(b)—and tenants point to nothing in any tenant protection statute that would create an express exception—we cannot adopt an interpretation of the costs statute that would vary depending on the nature of the underlying case. (See *Horwich v.*

9

*Superior Court* (1999) 21 Cal.4th 272, 283 ["we cannot read more into the statute than its words, context, and history permit"].)  It is for the Legislature, and not the courts, to decide whether the right to recover costs in retaliatory eviction claims—unlike other civil cases—should be unwaivable.

In short, section 1032(b) creates a general right for prevailing parties in civil cases to recover certain specified litigation costs.  Nothing in the statute prevents those parties from waiving that right, either before or after the commencement of litigation.  In particular, consistent with the principles of Civil Code section 3513, there is no basis to infer that enforcing such a waiver will "seriously compromise any public purpose" section 1032(b) was meant to serve.  Accordingly, we conclude that the trial court erred in declining to enforce the $1,000 cap.

## DISPOSITION

The postjudgment order awarding tenants their costs is reversed with directions to enter a new order striking tenants' memorandum of costs. Landlords shall recover their costs on appeal.[6]


DATO, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.

---

[6] In reaching this conclusion, we decline to reach tenants' undeveloped assertion that the $1,000 cap is somehow unenforceable based on landlords' perceived superior bargaining power, but declining to argue that the provision is unconscionable. This argument is forfeited because it is not supported by citations to evidence other than the fact that there is no checkbox by that provision of the lease or application of any law to that fact. (*Allen v. City of Sacramento* (2015) 234 Cal.App.5th 41, 45 ["We are not required to examine undeveloped claims or to supply arguments for the litigants"].) And because we have ruled in landlords' favor based on Civil Code section 3513, we need not reach their alternative argument that Civil Code section 1717 supports enforcing the $1,000 cap.