LEONA ETHEL LEGG, Appellant, v. UNITED BENEFIT LIFE INSURANCE COMPANY, Respondent.

Albert C. Garber and B. W. Minsky for Appellant.

J. Edward Haley for Respondent.

WILSON, J.—From a judgment in favor of defendant in an action to recover disability benefits on a policy of health and accident insurance, plaintiff appeals.*

The only question for determination is whether the trial court committed prejudicial error in permitting defendant to introduce testimony of a compromise settlement between plain-

*She has also purportedly appealed from the order denying her motion for new trial, a nonappealable order.

tiff and a third party, which compromise and settlement arose out of the same accident that was the basis of plaintiff's claim for disability benefits against defendant.

Plaintiff was injured as she was attempting to board a streetcar. The policy upon which she seeks recovery provides for monthly payments of $100 for total disability. Defendant admitted that she received injuries while the policy was in force and paid her $100 for one month's total disability. The nature and extent of plaintiff's injuries were the basis of the controversy between the parties which led to the instant action.

Defendant introduced into evidence without objection two documents signed by plaintiff which were statements to the transit company relating to her injuries. Plaintiff concedes this evidence was admissible for impeachment purposes and as an admission against interest. She raises no question with regard to the introduction of those documents but contends the jury was prejudiced by the following testimony which was admitted over her objection:

"Q. You later settled your controversy with the L. A. Transit Company, did you not? A. I did, yes. . . .

"Q. Will you tell the court and the jury just how much you received in payment of that claim you had for damages? A. I received a thousand dollars."

The evidence as to the extent of plaintiff's injuries is conflicting and it is her contention that from the above testimony the jury could have inferred (1) she was trying to collect twice for the same accident, and (2) if there had been a disability, it must have ended at the time of the settlement. Defendant agrees the evidence may have been prejudicial but asserts it was admissible for the purposes of impeachment and as an admission against interest.

Since plaintiff had not denied she had made a settlement with the transit company there could be no impeachment by asking if she had made any such settlement. An admission is a statement made by a party to a proceeding suggesting an inference as to any fact in dispute or relevant to any such fact and to be admissible must tend to prove or have a material bearing on the issues in the case. A declaration which does not under any reasonable construction appear to admit or acknowledge the fact which is sought to be proved by it is not competent as an admission. (*Pendell* v. *Westland Life Ins. Co.*, 95 Cal.App.2d 766, 776 [214 P.2d 392].) The instant action is on a contract of insurance and the sole point of contention between the parties is the nature and extent

of plaintiff's injuries. Any claim for damages which she might have had against the transit company would have been for personal injuries and in any action on such claim liability as well as injuries sustained would have to be established before plaintiff could recover. Therefore, the fact that she settled her claim against the transit company or the amount she received in any such settlement would not tend to prove the extent of plaintiff's injuries and would not have a material bearing on the issues in this case. The testimony was inadmissible.

Judgment reversed. Purported appeal from order denying new trial dismissed.

Moore, P. J., and McComb, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 28, 1951.

[Civ. No. 18280. Second Dist., Div. Two. Apr. 2, 1951.]