Filed 2/26/25  Land Value Holdings v. City of Duarte CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| LAND VALUE HOLDINGS, LLC, | B319118; B321553 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19BBCV00966) |
| v. | |
| CITY OF DUARTE et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Joel L. Lofton, Judge.  Affirmed.

Law Offices of Reshma Kamath and Reshma Kamath; and Bernard J. Austin for Plaintiff and Appellant.

Zuber Lawler and Tomas A. Ortiz for Defendant and Respondent California-American Water Company.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Talin Halabi, Johnathan W. Brazile and Kimberley Roura, Deputy County Counsel, for Defendant and Respondent Los Angeles County Flood Control District.

Rutan & Tucker, Samantha Lamm and Thai Viet Phan for Defendant and Respondent City of Duarte.

---

**INTRODUCTION**

Land Value Holdings, LLC (LVH) seeks access to a vacant parcel of land it owns in the City of Duarte (the City), by imposing an easement on two lots owned by the City and California-American Water Company (Cal-Am). This easement would allow LVH to use a utility access road controlled by the City and Cal-Am to reach LVH's parcel of land from the public road. LVH appeals from (1) the entry of judgment on January 4, 2022 in favor of Cal-Am and the Los Angeles County Flood Control District (LACFCD) in case No. B319118; and (2) the entry of judgment on April 15, 2022 in favor of the City in case No. B321553. We address both appeals in this decision.

In its appellate briefs, LVH argues the trial court erroneously granted summary judgment against it on its complaint seeking an easement by necessity, by implication, and an equitable easement, and for declaratory relief. LVH also contends the court erred by sustaining certain evidentiary objections, and separately by denying its motions for leave to file a second amended complaint.

At oral argument, represented by newly retained appellate counsel and as more fully explained in the discussion section, LVH abandoned its causes of action for an easement by necessity and by implication. As to the remaining cause of action for an equitable easement, we conclude the trial court did not err in granting summary judgment. We further conclude the trial court

2

did not abuse its discretion in its evidentiary rulings or by denying leave to amend. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *Access to LVH's Land Parcel*
       1.     *The LVH Parcel*



LVH owns a 10-acre parcel of undeveloped hillside land in the City (the LVH parcel). The parcel is located near a subdivision cul-de-sac at the end of Las Lomas Road but is not directly accessible by Las Lomas Road or any other public road. As relevant here, the LVH parcel is separated from Las Lomas Road by several adjacent parcels of land, including Lots 20, 25, and 26 of the subdivision, labeled in the map. Since LVH purchased the property in 2007, no one from LVH has ever successfully accessed, used, or maintained it.

3

Although there is a recorded easement to the LVH parcel across Lot 20, LVH instead seeks to use a paved utility access road that crosses Lots 25 and 26. LVH alleged its inability to access its parcel has caused "lost profits and diminished value" of the property, as well as subjected LVH to fines for not complying with fire hazard reduction requirements.

### 2. *The Subdivision and Previous Transfer of the Parcels*

The subdivision, known as Tract No. 35139, was created in 1980. At that time, developer W&A Builders (W&A) owned all the land that became the current subdivision lots and LVH parcel. W&A recorded a map of the subdivision in October 1980. W&A granted Lots 25 and 26 to the City in October 1980, in conjunction with its recording of the subdivision map. The City later transferred Lot 25 to Cal-Am. W&A sold Lot 20 in May 1981. Lot 20 is a residential property currently owned by private individuals who are not parties to the underlying lawsuit.

W&A transferred what later became the LVH parcel to an individual owner in 1988. LVH purchased an interest in the parcel from that individual in 2007, in an agreement for LVH to market the parcel for sale and split the proceeds with the owner. LVH acquired its interest in the parcel "as is" under the 2007 purchase agreement. LVH became the sole owner of the parcel in 2019.

### 3. *The Lot 20 Recorded Easement*

Lot 20 contains a recorded easement from Las Lomas Road to the LVH parcel identified in the subdivision map (recorded October 1980) and the deed to Lot 20 (recorded May 1981). Specifically, the 1980 map identifies an "Ingress and Egress

Easement to be reserved by document" along the north side of Lot 20. The 1981 deed expressly "reserve[s] to the grantor [W&A] herein a non-exclusive easement for ingress and egress" over the "[n]ortherly 20 feet of Lot 20," "with right to convey said easements to others." A paved gated driveway currently extends from Las Lomas Road along the northern edge of Lot 20, near the southwestern border of the LVH parcel.

LVH did "not dispute that W&A intended the easement over Lot 20 to be used by [LVH]'s Property." But according to LVH, it has been unable to use the easement due to a locked gate. It has received no response from the owners to "several" written requests by LVH's attorney for access. LVH's attorney first discovered the gate in 2014 or 2015. In August 2020, he sent two letters to the owners of Lot 20, seeking access to the LVH parcel through their driveway gate based on the recorded easement. He took no steps to follow up with the owners after they failed to respond to his requests.

### 4. *The Utility Access Road on Lots 25 and 26*

A paved utility access road extends north from the end of Las Lomas Road onto Lots 25 and 26. The utility access road is situated on a narrow strip of land that contains portions of both lots and is bisected by their property line. The paved road ends in the north portion of Lot 26, near the northwest border of the LVH parcel. Thereafter, a winding dirt road constructed by Southern California Edison (SCE) (the SCE road) continues on through the LVH parcel.[1]

---

[1] Use of the SCE road is not at issue in the present appeals.

Lot 25, owned by Cal-Am, contains a water tank for the subdivision. Lot 26, owned by the City, is used as a flood control and debris basin. LACFCD has an easement on Lot 26 to conduct flood and debris control operations. The paved utility access road is gated to restrict the public from the utility areas.

The map recorded in 1980 indicates a "[r]eciprocal easement for ingress and egress purposes for use of lots 25 & 26" over the narrow strip of land connecting Las Lomas Road to the two lots.[2] It reflects no express easement for use by the LVH parcel or reservation of access to W&A or any other party. The grant of Lots 25 and 26 to the City states that, except as shown on the map, W&A "know[s] of no easements or structures existing within the easements herein offered for dedication to the public" other than public water lines, sewers, and storm drains, and that W&A "will grant no right or interest within the boundaries of said easements offered to the public, except where such rights of or interest is expressly made subject to such easements."

In addition to the City and LACFCD, SCE also uses the paved utility access road to reach its dirt road. As stated, the paved road across Lots 25 and 26 ends on Lot 26 at SCE's dirt road, which then winds through the LVH and City parcels to an electrical transmission tower. SCE has a road easement over the LVH and City parcels to access its facilities, recorded in July

---

[2]     "A reciprocal easement arises when adjoining landowners impose corresponding restrictions or rights upon each of their properties," as with a common driveway, and is limited to those properties sharing the burden of the easement. (*Cheveldave v. Tri Palms Unified Owners Assn.* (2018) 27 Cal.App.5th 1202, 1214.)

6

2013.  The City and Cal-Am permit SCE to use the paved utility access road across Lots 25 and 26 to access the SCE easement.

B.      *LVH's Complaint and the Motions for Summary Judgment*

In October 2019, LVH filed suit against the City, LACFCD, and SCE, alleging causes of action for (1) easement by necessity, (2) easement by implication, (3) equitable easement, and (4) declaratory relief.[3]  In March 2020, LVH filed the operative first amended complaint adding Cal-Am as a defendant.

LVH sought access to the "paved road to the [LVH parcel]" across Lots 25 and 26.  LVH alleged an easement by necessity or implication was created when the "successors in interest" to a pre-1980 common owner, A.G. Maddock, severed Lots 25 and 26 from the LVH parcel and left the LVH parcel landlocked.  LVH also alleged it was entitled to an equitable easement.

In June 2021, the City and Cal-Am each moved for summary judgment, attaching discovery responses, title documents, and land purchase and listing agreements for the LVH parcel.  The City also submitted a declaration from the City Engineer, Dominic Milano.  The motions were not joined by LACFCD or SCE.  As relevant here, the City and Cal-Am argued that LVH could not establish the essential elements of each of its easement causes of action because the Lot 20 easement defeated any argument of necessity or intent for an easement over Lots 25 and 26, and that LVH purchased its parcel "as is."  They also argued as an affirmative defense that any easement created by prior common owner(s) of Lots 25, 26, and the LVH parcel was

---

[3]      LVH later settled with SCE, and we do not address LVH's arguments relating to SCE.

7

"extinguished by the merger of the title" once W&A became the common owner in 1980.

LVH's opposition conceded that "W&A intended the easement over Lot 20 to be used by [LVH]'s property." LVH also conceded it acquired the LVH parcel subject to an "as is" clause. But it argued that the owners of Lot 20 had denied access, thus LVH "could not and cannot not [*sic*] admit that said easement allows [LVH] access." LVH argued the merger doctrine was inapplicable because any alleged easement arose after 1980. LVH contended the undisputed common owner as of 1980 was W&A, who "subsequently transferred interest" in all three properties [(Lots 25, 26, and the LVH parcel)]). According to LVH, W&A was the common grantor for purposes of an easement because its complaint alleged Maddock's "successors in interest" severed the property. Thus "any such easement created by necessity, implication, or in equity, would arise after W&A builders re-severed the property."

After hearing argument from the parties, the trial court granted the motions for summary judgment, concluding LVH failed to raise any triable issues of fact on the easement causes of action, and the City and Cal-Am were entitled to judgment as a matter of law. The court rejected the merger defense and concluded it could consider LVH's argument that W&A was the relevant common grantor because it was "encompassed within a broad construal of the pleadings," including LVH's exhibits showing the chain of title. The trial court granted summary judgment on the declaratory relief cause of action because it was based on the easement causes of action.

The trial court sustained hearsay objections by the City and Cal-Am to three statements that LVH introduced in support

8

of its opposition to summary judgment (as detailed in the discussion below). The record is silent on the rationale for the trial court's evidentiary rulings.

After the summary judgment hearing, LACFCD and SCE filed a joint objection to the proposed judgment. Although neither moved for summary judgment nor joined in Cal-Am's or the City's motions for summary judgment, they objected on the basis that the judgment did not also dispose of the entire action against them. They argued LVH's claims against LACFCD and SCE "depend wholly on [LVH]'s entitlement to use the City's and Cal-Am's properties to access [LVH]'s property," and the court had determined LVH was not entitled to such use under any cause of action. They argued "[LVH]'s claims against [LACFCD] and SCE are therefore moot given the Court's grant of summary judgment."

C.     *LVH's Motions to Amend*

LVH also filed three motions to amend its operative first amended complaint, including one the morning of the summary judgment hearing. The trial court denied each motion (as more fully described in the discussion).

D.     *LVH Appeals*

On January 4, 2022, the trial court entered judgment in favor of Cal-Am and LACFCD. The court concluded LVH's claims against LACFCD in the first amended complaint were "reliant on [LVH]'s failed claims that it is entitled to an easement across the City and Cal-Am's property. Thus, [LVH]'s claims in the FAC against [LACFCD] are no longer valid."

9

LVH timely appealed the judgments in favor of Cal-Am and LACFCD.

On April 15, 2022, after ruling on LVH's third motion to amend, the trial court entered judgment in favor of the City. By this time, SCE had settled.

LVH timely appealed the judgment in favor of the City.

## DISCUSSION

LVH argues the superior court erred in granting summary judgment in favor of respondents and that it raised a "genuine dispute of material fact" as to each cause of action.[4] At oral argument and represented by new appellate counsel, LVH stated that since February 7, 2024, the owners of Lot 20 had granted it access to the express easement. Although LVH had been aware of this fact for almost a year while its two appeals were pending, it did not timely notify the parties or the court.

In all events, at oral argument, LVH expressly abandoned its causes of action for an easement by necessity and by implication, and we do not address them further in this opinion.

A. *Summary Judgment Standard of Review*

Summary judgment is appropriate when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) We

---

[4] LVH's appellate briefs did not challenge the judgment entered in favor of LACFCD on the basis that LACFCD did not file its own summary judgment motion or join in the other respondents' motions.

10

independently review the granting of summary judgment to ascertain whether there is a triable issue of material fact. (See *Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.)

The moving party "bears the burden of persuasion that there is no triable issue of material fact and that he [or she] is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) A defendant moving for summary judgment must "'show[ ] that one or more elements of the cause of action . . . cannot be established' by the plaintiff." (*Id.* at p. 853, quoting Code Civ. Proc., § 437c, subd. (o)(2).) "A defendant meets its burden by presenting affirmative evidence that negates an essential element of the plaintiff's claim" or "by submitting evidence 'that the plaintiff does not possess, and cannot reasonably obtain, needed evidence' supporting an essential element of its claim." (*Joshi v. Fitness Internat., LLC* (2022) 80 Cal.App.5th 814, 823 (*Joshi*).) "'Once the defendant meets the foregoing burden, "the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action."'" (*Ibid.*; accord, § 437c, subd. (o)(2); *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 780 (*Saelzler*)).

"In ruling on the motion, the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation]." (*Aguilar, supra,* 25 Cal.4th at p. 843; see *Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [we "consider[ ] all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports"].) In considering the parties' evidence in connection with a motion for summary

11

judgment, the court "strictly scrutiniz[es]" the declarations submitted by the moving party and "liberally constru[es]" those offered by the opposing party, "resolving any evidentiary doubts or ambiguities in [the opposing party's] favor." (*Saelzler, supra,* 25 Cal.4th at p. 768.)

In our review, "[w]e need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale." (*Joshi, supra,* 80 Cal.App.5th at p. 824.)

B.    *Equitable Easement*
      1.    *Governing Law*
      An easement "'gives a nonpossessory and restricted right to a specific use or activity upon another's property.'" (*Romero v. Shih* (2024) 15 Cal.5th 680, 692 (*Romero*); see Civ. Code, § 887.010 [an easement is "a burden or servitude upon land, whether or not attached to other land as an incident or appurtenance, that allows the holder of the burden or servitude to do acts upon the land"].)  "The law recognizes several methods of creating an easement[,]" among them to "grant or reserve an easement as part of the conveyance of land," "or a court acting in equity may order that an easement be created under specified circumstances." (*Romero,* at p. 692.)  The parties to a transfer of real property "may grant or reserve easements as part of the transaction," either "expressly, in a written instrument, or impliedly, based on clear evidence of the parties' intent." (*Id.* at p. 687.)

"In appropriate cases in which the requirements for traditional easements are not present," courts may create an "'equitable easement'" permitting an encroachment or access over another's property. (*Tashakori v. Lakis* (2011) 196 Cal.App.4th

12

1003, 1008 (*Tashakori*).) "[C]ourts approach the issuance of equitable easements with '[a]n abundance of caution' [citation], and resolve all doubts against their issuance." (*Shoen v. Zacarias* (2015) 237 Cal.App.4th 16, 21; *Linthicum v. Butterfield* (2009) 175 Cal.App.4th 259, 269 (*Linthicum*) ["An abundance of caution is warranted when imposing an easement on an unwilling landowner."].)

To create an equitable easement, (1) ""the [encroacher] must be innocent. That is, his or her encroachment must not be willful or negligent. The court should consider the parties' conduct to determine who is responsible for the dispute""; (2) ""unless the rights of the public would be harmed, the court should [deny the encroachment] if the [burdened landowner] 'will suffer irreparable injury. . . regardless of the injury to [the encroacher]""; (3) ""the hardship to the [encroacher] from [denying the encroachment] [']must be greatly disproportionate to the hardship caused [the burdened landowner] by the continuance of the encroachment and this fact must clearly appear in the evidence and must be proved."" (*Hansen v. Sandridge Partners, L.P.* (2018) 22 Cal.App.5th 1020, 1027-1028 (*Hansen*).) Unlike an implied easement, a cause of action LVH abandoned, "a preexisting use is not an element of an equitable easement." (*Hinrichs v. Melton* (2017) 11 Cal.App.5th 516, 523.)

""Unless all three prerequisites are established, a court lacks the discretion to grant an equitable easement."" (*Hansen, supra,* 22 Cal.App.5th at p. 1028.) "[T]he encroaching party's innocent intent is paramount" (*Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 769), and "the first factor—showing the trespass is innocent rather than willful or negligent—'is the most important'" (*Ranch at the Falls LLC v. O'Neal* (2019) 38 Cal.App.5th 155, 184 (*Ranch at the Falls*); accord, *Hansen*, at p. 1028). "'[A]ppellate courts may determine whether the

13

elements of an equitable easement have been established . . . as a matter of law.'" (*Ranch at the Falls,* at p. 183; *Hansen,* at p. 1028.)

2.     *LVH Did Not Present Any Triable Issue of Fact on Innocent Encroachment*

The trial court determined no triable issue of fact existed on the essential elements of (1) innocent encroachment and (2) the balance of the hardships.  The court ruled that, because LVH purchased its parcel subject to an "as is" provision and had record notice there were no easements to the LVH parcel recorded other than through Lot 20, LVH "negligently failed to ascertain whether its property was landlocked" and was therefore not an "innocent trespasser" as a matter of law.  It further determined the City would experience "significant" harm from allowing LVH to have an easement, but not whether such harm would be "irreparable."  The court determined the balance of hardships favored respondents because the City showed LVH "is unable to establish that it will suffer 'greatly disproportionate'" hardship from the denial of an easement, and LVH did not raise "any triable issue of fact as to whether it will suffer greatly disproportionate hardship to that imposed on the City."  We limit our analysis to innocent encroachment.

As stated, the first factor, showing the encroachment is based on innocent belief rather than willful or negligent, is the most important.  (See *Ranch at the Falls, supra,* 38 Cal.App.5th at pp. 184-185, fn. 27; accord, *Hansen, supra,* 22 Cal.App.5th at p. 1028; *Hinrichs, supra,* 11 Cal.App.5th at p. 522 ["The court should consider whether the need for the easement is the result of the willful act of the party seeking the easement."].)  Not every showing of negligence defeats this element, and a reasonable and

14

good faith belief that a valid access easement exists may be innocent conduct. (See *Linthicum, supra,* 175 Cal.App.4th at p. 266 [group of landowners who used neighborhood access road for decades believing it was a lawful easement deemed innocent for equitable easement].) For instance, in *Hinrichs* a landowner who reserved an easement to a historic trail when he sold a portion of his land, and who mistakenly believed he had a right of way over the trail, was innocent despite not previously using the trail "because he believed long after the [ ] parcel was sold that he had a right of way over the trail." (*Hinrichs*, at p. 523.) And in *Tashakori, supra,* 196 Cal.App.4th 1003, landowners who bought an undeveloped parcel with "the innocent belief that an easement to the public road existed" after a "'diligent and good faith effort,'" including relying on a title report and representations by a real estate broker and the prior owner, were deemed innocent when they later learned a recorded easement across a neighboring lot did not extend to the public road. (*Id.* at pp. 1007, 1010.)

By contrast, here it is undisputed that LVH is a sophisticated entity that agreed to purchase the property "as is" and that it was on notice by the recorded tract map that the only easement to the LVH parcel was through Lot 20. The map also expressly identified the access way from Las Lomas Road to Lots 25 and 26 as a "reciprocal easement" for use of those two lots specifically. It also stated in its grant of Lots 25 and 26 to the City that W&A "will grant no right or interest within the boundaries of said easements offered to the public, except where such rights of or interest is expressly made subject to such easements."

LVH presented a declaration from its general counsel attesting that, "The deed to the land at issue does not contain a

15

provision that it is being sold without access or without access over Lots 25 and 26," and that the purchase contract similarly did not reflect the property was sold "without any easements over Defendants' property or that Plaintiff was agreeing to buy a landlocked property." But this declaration does not raise a triable issue because, as outlined above, the recorded tract map put LVH on record notice. LVH raised no material dispute to counter respondents' showing, e.g., that it made any effort to inspect the LVH parcel prior to purchase or that it had a reasonable and good faith belief under the circumstances presented that it had a valid easement over Lots 25 and 26 based on representations on a title report, a real estate broker, or prior owner notwithstanding the recorded tract map. Accordingly, LVH failed to raise any triable issue of material fact regarding its status as an innocent encroacher or that its encroachment on Lots 25 and 26 would be innocent.[5]

C.    *Declaratory Relief*

Summary judgment is proper for declaratory relief where the "undisputed facts do not support the premise for the sought-after declaration." (*Gafcon, Inc. v. Ponsor & Associates* (2002) 98 Cal.App.4th 1388, 1402.) Because LVH's cause of action for declaratory relief is based entirely on the remaining cause of action for an equitable easement, the trial court properly granted summary judgment.

---

[5]    We need not reach LVH's argument it raised a triable issue on disproportionate harm in light of our determination it raised no fact dispute on the innocent trespasser element.

16

D.      *The Trial Court Did Not Abuse Its Discretion in Sustaining the Evidentiary Objections to LVH's Opposition Evidence*

      1.      *Governing Law and Standard of Review*

"'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (Evid. Code, § 1200, subd. (a).) "An established exception to the hearsay rule is an admission by a party opponent." (*Kincaid v. Kincaid* (2011) 197 Cal.App.4th 75, 83 (*Kincaid*).) Under the admissions of a party opponent exception, the statements of an opposing party are admissible, if made by a declarant who is a party in the action. (See Evid. Code, § 1220 ["[e]vidence of a statement is not made inadmissible by the hearsay rule when offered against the declarant in an action to which he is a party in either his individual or representative capacity, regardless of whether the statement was made in his individual or representative capacity"]; *People v. Orey* (2021) 63 Cal.App.5th 529, 553.)

"Evidentiary rulings made in the context of a summary judgment motion are generally reviewed for abuse of discretion." (*Landale-Cameron Court, Inc. v. Ahonen* (2007) 155 Cal.App.4th 1401, 1407; see *Kincaid, supra,* 197 Cal.App.4th at p. 82.) "'"The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."'" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.) "The test for abuse of discretion is whether the trial court's decision is arbitrary, capricious or without basis in reason." (*A.N. v. County of Los Angeles* (2009) 171 Cal.App.4th 1058, 1067.)

2.    *Analysis*

LVH argues the trial court erred in sustaining hearsay objections by Cal-Am and the City to three statements presented to support LVH's summary judgment opposition.  LVH argues these items were admissible under the exception to the hearsay rule for admissions offered against a party opponent.  Specifically:

(1)    The City objected to the statement in LVH's attorney declaration at paragraph 7:  "'The City of Duarte indicated that it would be willing to work with Land Value Holdings for access should SCE or LACFCD be willing to provide access.'"

(2)    The City also objected to a letter from the City's attorney to LVH's manager dated August 30, 2018, attached as Exhibit 5 to LVH's attorney declaration, which was the basis for the statement by LVH's attorney that the City would be willing to work with LVH for access.  The letter stated that the City's "preliminary investigations" revealed a deed to LACFCD granting an easement in the property, and the possibility that SCE also had an easement, which indicated the City was "not in a position to grant unilateral access which may be in conflict with existing access or other easements on the properties, held by others."  The City stated that if LVH got LACFCD and SCE to agree on access, "the City would be willing to work with you on joining into any such granted access, subject of course to reasonable conditions."

(3)    And both the City and Cal-Am objected to the statement in LVH's attorney declaration at paragraph 8:  "'Based on my communications with Lisa DeLorme, counsel for Southern California Edison, there is no objection to Plaintiff utilizing the road at issue.'"

18

The record is silent on the trial court's reasoning for sustaining the objections beyond that it sustained them each as hearsay.

LVH argues that since SCE and the City were parties to this action, the statements of their counsel were admissible as party admissions under Evidence Code section 1220. Respondents argue the excluded statements by the City do not qualify as party "admissions" because the statements do not contradict the position that the City has taken in this action, i.e., that LVH is not legally entitled to an unconditional easement across the property. They also agree that any error in excluding was harmless.

"'For such a statement to be admissible against a party as an admission, the statement must assert facts which would have a tendency in reason either (1) to prove some portion of the proponent's [cause of action], or (2) to rebut some portion of the party declarant's [defense].'" (*Carson v. Facilities Development Co.* (1984) 36 Cal.3d 830, 849 (*Carson*); accord, *Estate of Anderson* (1997) 60 Cal.App.4th 436, 441; see *Legg v. United Benefit Life Insurance Co.* (1951) 103 Cal.App.2d 228, 229 (*Legg*) ["An admission is a statement made by a party to a proceeding suggesting an inference as to any fact in dispute or relevant to any such fact and to be admissible must tend to prove or have a material bearing on the issues in the case."].)

As to the letter, it reflects the City's "preliminary investigations," specifically states, "The City is not in a position to grant a unilateral access which may be in conflict with existing access or other easements on the properties, held by others," and contingently suggests that if LVH got LACFCD and SCE to agree on access, "the City would be willing to work with you on joining

19

into any such granted access, subject of course to reasonable conditions." These statements do not have a tendency to prove any portion of LVH's cause of action or to rebut the City's defense. (See *Carson, supra*, 36 Cal.3d at p. 849; *Legg, supra*, 103 Cal.App.2d at p. 229.) By extension, the same is true for the statements in LVH's attorney declaration, paragraph 7, based on that letter.

As to SCE's alleged statements (as reported by LVH's counsel in paragraph 8), respondents argue that the statement is not being offered against SCE as the declarant. Instead, LVH attempts to use the statements against the City and Cal-Am. To come within the exception under Evidence Code section 1220 for statements made by a party opponent, "the statement must have been offered *against the declarant* in an action in which the declarant is a party." (*Caliber Paving Co., Inc. v. Rexford Industrial Realty and Management, Inc.* (2020) 54 Cal.App.5th 175, 190, fn. 2, italics added.)

Further, even if the trial court erred by excluding these three pieces of evidence, any such error would not warrant reversal because there is no "'reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.'" (*In re Christopher L.* (2022) 12 Cal.5th 1063, 1073.)

E.    *The Trial Court Did Not Abuse Its Discretion by Denying LVH's Motions to Amend*
      1.    *Governing Law and Standard of Review*
      The trial court in its discretion may allow a party to amend a pleading at any time "upon any terms as may be just." (Code Civ. Proc., §§ 473, subd. (a)(1), 576.) Although motions to amend

are generally "'liberally granted,'" "'leave to amend should *not* be granted where, in all probability, amendment would be futile'" (*Foroudi v. The Aerospace Corp.* (2020) 57 Cal.App.5th 992, 1000 (*Foroudi*)), or "if the proposed amendment fails to state a cause of action" (*Falcon v. Long Beach Genetics, Inc.* (2014) 224 Cal.App.4th 1263, 1280 (*Falcon*)).  (See *Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 652 [court not required to grant leave to amend where additional claims were without merit].)

"Further, unwarranted delay in seeking leave to amend may be considered by the trial court when ruling on a motion for leave to amend ([citation]), and appellate courts are less likely to find an abuse of discretion where, for example, the proposed amendment is "'offered after long unexplained delay . . . or where there is a lack of diligence[.]'"  (*Falcon, supra,* 224 Cal.App.4th at p. 1280; see *Asiryan v. Medical Staff of Glendale Adventist Medical Center* (2024) 100 Cal.App.5th 947, 973 (*Asiryan*) [where party waited until the day before trial to seek leave to amend to add a new cause of action and did not file her motion for several days after, court was within its discretion to deny leave to amend]; *P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1345 (*P&D Consultants)* ["""even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial"""].) "Thus, when a plaintiff seeks leave to amend his or her complaint only after the defendant has mounted a summary judgment motion directed at the allegations of the unamended complaint, even though the plaintiff has been aware of the facts upon which the amendment is based, '[i]t would be patently unfair to allow plaintiffs to defeat [the] summary judgment motion by allowing

21

them to present a "moving target" unbounded by the pleadings."' (*Falcon*, at p. 1280.)

We review the denial of a motion for leave to amend a pleading for abuse of discretion. (See *Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242; *Foroudi, supra,* 57 Cal.App.5th at p. 1000.)

### 2. *LVH's Three Motions for Leave To Amend*

After the summary judgment motions were fully briefed, LVH filed three motions for leave to amend. LVH appeals the court's denials with prejudice of the second and third motions.

First, in September 2021 LVH moved for leave to amend its operative first amended complaint to add causes of action for breach of duty and negligent misrepresentation against all defendants. The court denied LVH's motion without prejudice, due to LVH's failure to submit a supporting attorney declaration required by California Rules of Court, rule 3.1324(b). LVH does not challenge this ruling on appeal.

Second, shortly after midnight on December 6, the morning of the summary judgment hearing, LVH filed another motion for leave to amend. This time it dropped the breach of duty and negligent misrepresentation causes of action, and sought to add three new causes of action for inverse condemnation against the City and SCE, violation of 42 U.S.C. section 1983 against the City, and violation of Public Utilities Code section 2106 against SCE. The new causes of action were based on an alleged conspiracy by the City and SCE to unlawfully construct the SCE road across LVH's parcel without LVH's knowledge or consent.

On January 4, 2022, the trial court held a hearing on the second motion to amend. It denied with prejudice LVH's motion

for leave to amend as to Cal-Am and LACFCD, in conjunction with entering judgment in favor of these parties. The court determined the three proposed new causes of action did not state a claim against Cal-Am or LACFCD. Instead, they "center[ed] around a new set of allegations involving the City and SCE allegedly conspiring to create a road on [LVH]'s property." The new causes of action made no specific reference to Cal-Am or LACFCD except for a "cursory" allegation that they allowed unauthorized persons onto LVH's property, and alleged no facts related to any act or omission by Cal-Am or LACFCD.

The court denied LVH's second motion for leave to amend without prejudice as to the City and SCE, for LVH's failure again to comply with the rules of court. It granted LVH five days to resubmit the motion.

Third, LVH filed a final motion for leave to amend on January 10, 2022. It now sought to add seven causes of action for regulatory taking, specific performance, conversion, trespass to land, violation of 42 U.S.C. section 1983, violation of Public Utilities Code section 2106, and inverse condemnation. All of these new causes of action were premised on the theory that the City and SCE conspired to construct the SCE road on the LVH parcel. After the motion was filed, SCE and LVH settled.

The City opposed, arguing LVH admitted in prior pleadings it knew of the SCE road's construction since 2017 but failed to promptly seek leave to amend, and the proposed amended complaint failed to state any cause of action against the City.

On February 10, the court denied the motion to amend, with prejudice. The trial court ruled the motion was untimely brought as to all the new causes of action because LVH had been aware since 2017 or 2019 of the SCE road. It also concluded that

23

many of the proposed new causes of action failed to state a claim against the City (the only remaining defendant) or were duplicative.

3. *The Trial Court Did Not Abuse Its Discretion by Denying with Prejudice LVH's Second Motion for Leave To Amend as to Cal-Am and LACFCD*

LVH argues the trial court should not have granted summary judgment on the first amended complaint until its motions for leave to file a second amended complaint could be heard. LVH's argument is unpersuasive. All the causes of action LVH sought to add at this juncture involved SCE and the City, not Cal-Am or LACFCD. This was not an abuse of discretion because the proffered amendments would have been futile as to Cal-Am or LACFCD (see *Foroudi, supra*, 57 Cal.App.5th at p. 1000) or did not state a cause of action as to them (see *Falcon, supra,* 224 Cal.App.4th at p. 1280).

4. *The Trial Court Did Not Abuse Its Discretion by Denying with Prejudice LVH's Third Amendment Request as to the City*

After LVH's September 2021 motion for leave to amend was denied without prejudice in October 2021, LVH waited until December 6 to file its second motion to amend. As stated, the three causes of action proposed in that motion featured a new set of allegations that the City and SCE wrongfully conspired to construct the dirt road on the LVH parcel. LVH again failed to include an attorney declaration complying with the rules of court explaining: "(1) The effect of the amendment; (2) Why the amendment is necessary and proper; (3) When the facts giving

24

rise to the amended allegations were discovered; and (4) The reasons why the request for amendment was not made earlier." (Cal. Rules of Court, rule 3.1324(b).) The court again gave LVH an opportunity to file a procedurally compliant motion.

LVH's third motion for leave to amend sought to add seven new causes of action against the City and SCE, again based on the SCE road. The court denied the third motion with prejudice because it concluded the motion was untimely and LVH had first been aware of the allegedly unlawful SCE road between three to five years earlier. We conclude the trial court did not abuse its discretion given LVH's unexplained delay and lack of diligence in seeking the amendments. (See *Falcon, supra,* 224 Cal.App.4th at p. 1280; *Asiryan, supra,* 100 Cal.App.5th at p. 973; *P&D Consultants, supra,* 190 Cal.App.4th at p. 1345.)

F.    *LVH's Judicial Disqualification Arguments*

LVH also argues the trial judge was biased and should have been disqualified. On January 4, 2022, LVH filed a verified statement to disqualify Judge Joel L. Lofton, accusing him of misconduct. On January 5, 2022, the trial court struck the statement of disqualification. By statute, disqualification determinations are not appealable—review must be sought by petition for writ of mandate brought within 10 days of notice of the determination. (See Code Civ. Proc., § 170.3, subd. (d); see also *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1059 ["the exclusive means for review of a disqualification order is by a petition for writ of mandate filed by one or more of the *parties* to the underlying proceeding in accordance with section 170.3, subdivision (d)"]; *PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 971 [precluding appellants from seeking

review of stricken statements of disqualification on appeal].) LVH never filed such a petition, thus its arguments concerning disqualification are not reviewable on appeal. (See *Dumas v. Los Angeles County Bd. of Supervisors* (2020) 45 Cal.App.5th 348, 354.)

## DISPOSITION

The judgments in favor of Cal-Am, LACFCD, and the City are affirmed. Respondents are entitled to recover their costs on appeal.

MARTINEZ, P. J.

We concur:

STONE, J.

PULOS, J. *

---

* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.